Judge Hitohcook
delivered the opinion of the court:
The only question involved in this case is whether, where there is a running account, a part of the items of which have been charged within eighteen months previous to the commencement -of a suit, and a part at an earlier period, the party making the *308 account is a competent witness to prove the validity of those items-which are of more than eighteen months’ standing. Its solution depends upon the construction of section 2 of “ an act dispensing with proof in certain cases.” 29 Ohio L. 122. This section enacts; “ That in all cases where any claim or defense is founded on book' accounts of not more than eighteen months’ standing, in which is-called in. question the validity or amount of any such book accounts, the court or justice may, upon the trial of such action, examine-the party, under oath or affirmation, ^touching the validity of such account or accounts, which shall be admitted as evidence-on the trial, the credibility thereof being left to the jury to determine.” Under this statute the practice has been different in different parts of the state, and that uniformity might be produced was one object in view in reserving this case. The inquiry arises,, what is intended by the term “ hook accounts ” as used in this law ? A book account is an entire thing, as much so as articles of agreement, or a bond for the performance of covenants. True, it is made up of different items, charged from time to time as articles are delivered or labor performed. But when charged, it is the-whole, all the items charged which constitute the account. The-account itself is not closed until the dealings between the parties have ceased, or until it is done by some other act by them performed. Such must have been, we believe, the understanding of the legislature, and if so, then a “book account” can not be said to be of eighteen months’ standing, until it shall have been closed for this period of time.
A case arising under this statute is somewhat analogous to a case under a statute of limitations. And under those statutes we have-uniformly held, that to ascertain whether an account was barred, reference should be had to the items last charged.
Had the legislature intended that the testimony of the parties should have been confined to those items alone which were charged within eighteen months, they would so have expressed it. They would have referred to the items, not to the “ account.”
It would not be sufficient to bring a case within the statute, that one item had been charged within eighteen months, after the lapse of a great length of time between it and the next preceding charge. The transactions must be apparently fair and the account must have been continuous. In such case the facts may well be supposed to be within the recollection of the party, and his testimony *309 may with safety be received. In the case of Marshal and others v. Bend, Johns. 67, this construction was given to a similar statute, and we concur in the opinion of the court expressed in that case.
*We do not undertake to determine whether books of accounts of more than eighteen months’ standing may or may not be given in evidence. ■ Or if given in evidence, by what description of testimony they shall be supported. Such accounts are admitted in some of our sister states, and to a certain extent have been admitted in our courts. There is not, however, as we believe, .any settled practice upon the subject. Nor is the case now presented such a one as to render it necessary or even proper to settle such practice. We are now called upon to give a construction to the section of the statute before referred to. And in our view of this statute the court of common pleas decided correctly in permitting Richmond to testify. The judgment of that court must •therefore be affirmed.